**UNITED STATED DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**JAMES EDWARD TENNANT,**
**STEPHANIE TENNANT, his wife,**
**individually, and on behalf of J.T., his child.**

                                        **CASE NO. 3:16-cv-1276-HLA-MCR**

        **Plaintiffs,**

        **v.**

**HANDI-HOUSE MFG. CO. and**
**THOMAS D. LOVE,**

        **Defendants.**

_____/

## MOTION TO STRIKE LATE-DISCLOSED EXPERT WITNESS TESTIMONY

Plaintiffs, by and through the undersigned counsel, hereby move this Court for an Order striking Mr. Lane Van Ingen as an expert witness and limiting the testimony of Mr. James Sloan, and request a hearing on this matter, stating in support thereof as follows:

1.    This is a motor vehicle crash case with catastrophic brain injuries set for trial starting August 6, 2018.

2.    Defense expert witness Lane Van Ingen's opinions were disclosed 137 days late and his deposition has been repeatedly delayed by the defense. Further, Defense expert witness James Sloan conducted post-disclosure testing and reenactments that were concealed from the Plaintiffs for months and only disclosed by surprise at his deposition.

3.    This delay and concealment of information has been unjustified and extremely prejudicial to the Plaintiffs' trial preparation. Therefore, Defendants' expert

1

witness Lane Van Ingen must be stricken, and portions of Mr. James Sloan's opinions must be excluded.

## MEMORANDUM OF LAW

4.      Under Rule 26, Defendants were required to provide to the Plaintiff, for their expert witnesses James Sloan and Lane Van Ingen, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i).

5.      If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). In other words, a litigant that fails to comply with Rule 26 "without substantial justification" is barred from having its expert testify at trial "unless such failure is harmless." Walter Int'l Prods., Inc. v. Salinas, 650 F.3d 1402, 1410 (11th Cir. 2011) (quoting Prieto, 361 F.3d at 1318 (citations and quotation marks omitted)).

6.      The deadline for expert witness disclosures, per the Court's orders, was December 22, 2017 (Dkt. 71). This would include the defense rebuttal opinions because Plaintiff's experts' opinions were disclosed on October 23, 2017, more than thirty days before the Court's deadline. Fed. R. Civ. P. 26(a)(2)(D)(ii).[1]

## I.     LATE-DISCLOSED EXPERT WITNESS LANE VAN INGEN

7.      On November 22, 2017, Defendant's served an expert witness disclosure that did not even list Mr. Van Ingen as a witness. On January 19, 2018, almost a month after the Court's deadline, Defendants served a second Rule 26 disclosure listing Mr. Van

---

[1] Due to the ongoing nature of the Plaintiff's medical treatment and, therefore, damages evidence, the parties agreed to extend discovery and disclosures of medical witnesses, but not liability witnesses.

Ingen as a witness for the first time, but did not provide any of his opinions, much less the basis and reasons for whatever opinions he may have.

8.      It was not until May 8, 2018, 137 days past the Court's deadline, that the Defense finally disclosed Mr. Van Ingen's opinions to the Plaintiff in a report. Worse yet, since this late disclosure, the Defendants have delayed, cancelled and rescheduled Van Ingen's deposition multiple times, such that his deposition is only being taken today – the last day for the filing of motions in limine.

9.      At his deposition, the transcript of which has not even been transcribed yet, Mr. Van Ingen testified that he was retained in January of 2018. This delay by the defense retaining an expert should not be excused at the detriment of the Plaintiff. Further, Mr. Van Ingen testified that he conducted his document review on this case in February of 2018 but was not asked to prepare a report of his opinions until May of 2018. This delay is inexcusable, unjustifiable and should not be allowed.

10.      Mr. Van Ingen is supposedly an expert in trucking safety and the defense expects him to testify about the central issue of liability in this case – specifically, whether the Defendant Truck Driver acted within industry standards for the safe operation of a commercial motor vehicle when he chose to turn across oncoming traffic during high traffic time of day versus utilizing an alternative route.

11.      This is an area of the case with hours and hours of testimony by the Plaintiff, witnesses at the scene, the Defendant Truck Driver, the Defendant Trucking Company's Corporate Representative, and employees at Defendant Trucking Company, as well as three expert witnesses. Substantial time and effort has been devoted to discovery in this area.

3

12.     It is unfair and greatly prejudicial to the Plaintiffs for the Defense to withhold the identity and, then, the actual opinions of this expert witness until the eleventh hour, after all this effort had been expanded.

## II.   LATE-DISCLOSED TESTING/REENACTMENT BY JAMES SLOAN

13.     As to Mr. Sloan, the Defendants hire Mr. Sloan in February 2017. His opinions were disclosed on November 22, 2017. His deposition was taken on April 9, 2018.

14.     On February 8, 2018, months after his opinions had already been disclosed, Mr. Sloan conducted a complex and lengthy testing/reenactment of the subject maneuvers leading up to this crash to determine times, distances and central elements of his opinions on liability for the subject crash.

15.     This testing/reenactment was done after the expert witness disclosure deadline, after Mr. Sloan's report was completed, however, more than two months before his deposition. Yet, the Defendants withheld this information until the moment Mr. Sloan was being deposed, such that the Plaintiff could not take the time to review this information and prepare appropriate questions for examination of Mr. Sloan.

16.     Even more disappointing is that Defendants withheld this information despite knowing of the upcoming deposition of the Plaintiff's expert reconstruction engineer, precluding him from being able to consider and/or rebut the Defense testing/reenactment.

17.     This is information that should have been supplied to the Plaintiff in supplemental responses to Plaintiff's discovery requests and certainly in response to the subpoenas duces tecum to Defendants' expert witnesses.

Sloan Dep 21:1-22:15.

**Q.** You said you talked twice to him. When was the other time?
**A.** We did a second set of turn -- well, of pickup approach path *trials* more recently.
**Q.** When?
**A.** February 8th of this year.
**Q.** So on February 8th, 2018 you guys did a second reenactment?
**A.** The first one did not involve a pickup truck. It was simply documentation of the truck turning, the truck, the trailer with an exemplar load. Second time was same truck, trailer, another exemplar load with a reasonably similar pickup truck used for videotaping the approach and doing some basic *stopping evaluation*.
**Q.** Did y'all record that?
**A.** Yeah.
**Q.** How so? With video or --
**A.** Video and the pickup was instrumented and I took some photographs.
**Q.** Is that not part of your opinion or something?
**A.** No. That is an effort to support my opinion in a demonstrable way.
**Q.** Did it not support your opinion? I'm wondering why we don't have that.
**MR. WEEKLEY:** It should -- the videos should be produced, should have been produced. It's support for his opinion as opposed to being -- it's like a demonstrative-type aid for him to use at trial.
**MR. PORTIGLIATTI:** Right.
**MR. WEEKLEY:** Yeah, and that should have been produced. If it's not I can get it to you. I don't know if he's got...
**THE WITNESS:** Yeah, we can make sure the video --
**Q.** (By Mr. Portigliatti) Do you have it here?
**A.** Yeah.

18.    After realizing that this non-disclosure posed evidentiary issues for them, the defense has taken the position that this reenactment was only created for demonstrative purposes. That is not true. In fact, Mr. Sloan even equipped one of the vehicles in the subsequent test with data recorders. Sloan Dep. 28:22-24.

19.    Mr. Sloan calls the testing/reenactment a "trial", a "stopping evaluation" and a "test". As Mr. Sloan himself testified to at the depositions, "The performing of that *testing* was done in an organic manner without specific instructions so that it would, by its very nature, be *confirmatory* not by direction."

5

20.     Had this been a simple demonstrative reenactment, the expert would input base it on specific data and controlled the variables to reflect his opinions, instead of allowing the testing/reenactment to produce its own data.

21.     Further, Plaintiff believes that Defendants may have created a third reenactment or demonstration of the crash, which has not yet been disclosed, despite the Court's deadlines and the fast-approaching trial in this case. While this is not certain, in an abundance of caution, Plaintiff requests that any such reenactments or animations be excluded for failure to timely disclose it and for it being based on Mr. Sloan late-disclosed testing/reenactment.

## III.     SLOAN'S TESTING/REENACMENT MUST ALSO BE EXCLUDED AS OVERLY PREJUDICIAL

22.     In addition to being disclosed late, Mr. Sloan's testing/reenactment's probative value is substantially outweighed by the undue prejudice and risk of misleading the jury.

23.     This crash occurred when a tractor-trailer carrying an oversized load made a left turn across oncoming traffic, in front of Mr. Tennant. Unable to avoid the collision, Mr. Tennant's vehicle struck he right side of the Defendants' tractor-trailer.

24.     As Mr. Sloan testified, the testing/reenactment was done in wholly dissimilar conditions because the defense actually blocked all traffic in that section of the roadway to conduct this testing/reenactment[2].

25.     Further, this testing/reenactment created by Mr. Sloan does not account for variables present in Mr. Tennant's environment as he approached the area of impact.

---

[2] A hearing is requested for this motion so the Court may review the subject testing/reenactment and compare it to images of the actual scene video prior to ruling on the motion.

Additionally, the driver of the reenacment vehicle knew what to expect, and the camera's field of vision is much narrower than the human eye, such that the focus is entirely on the tractor-trailer without the surrounding environment.

26.     To compound the problems with this testing/reenactment, it is not just the approaching vehicle's perspective that is misleading. The tractor-trailer crossing in front of the would-be-Tennant vehicle is being driven at a much slower speed than the Defendant Truck Driver testified to, thereby giving the impression that Mr. Tennant had much more time to perceive and react to the tractor-trailer turning in front of him. This goes to the heart of the liability issue in this case, which cannot be unfairly biased by this misleading portrayal manufactured by a defense witness with wholly dissimilar conditions.

27.     To compare this manufactured evidence to the conditions Mr. Tennant faced just before impact is unfairly prejudicial, especially because such "demonstrative exhibits tend to leave a particularly potent image in the jurors' minds." See United States v. Gaskell, 985 F.2d 1056, 1061 (11th Cir. 1993); Racz v. R.T. Merryman Trucking, Inc., No. CIV. A. 92-3404, 1994 WL 124857, at *5 (E.D. Pa. Apr. 4, 1994) ("Relying upon the old adage, "seeing is believing," we conclude that the jury may give undue weight to an animated reconstruction of the accident.")

28.     That is why courts accord much greater scrutiny when determining the admissibility of such evidence, even as a demonstrative. See Dugas v. 3M Co., No. 3:14-CV-1096-J-39JBT, 2016 WL 3946802, at *6 (M.D. Fla. June 21, 2016) (excluding video demonstrative created with dissimilarities because of the risk of unfair prejudice to the opposing party).

## IV.   CONCLUSION

29.     As a result of the Defendants' withholding of material information and opinions regarding the central issue of liability in this case, the Plaintiff has been prejudiced in the preparation of his case for trial.

30.     Defendants' failure is certainly harmful and there has been no justification for this delay. The information and opinions withheld by the Defendants go to the hotly contested issue of liability in this case. Without this information, the Plaintiff has been unable to adequately prepare his experts witnesses, examine the defense expert witnesses, and prepare for the upcoming trial.

31.     Defendants have failed to comply with Rule 26's expert witness disclosure requirements without any justification and to the detriment of the Plaintiff. Therefore, Lane Van Ingen must not be permitted to testify at trial and Mr. Sloan's second testing/reenactment and any opinions, presentations or information obtained and developed therefrom must be excluded.

32.     Further, Mr. Sloan's testing/reenactment, aside from being disclosed late, is misleading and overly prejudicial and cannot be shown to the jury.

33.     Undersigned counsel conferred in good faith with opposing counsel but a resolution of this motion could not be agreed upon.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an Order striking Mr. Lane Van Ingen as a witness and excluding Mr. James Sloan's second testing/reenactment as well as any animations, opinions and exhibits derived therefrom.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via electronic mail to **Paul M. Weekley, Esq.**, at pweekley@wsvlegal.com and mgreen@wsvlegal.com this 18th day of **June, 2018.**

/s/ Stefano D. Portigliatti
Attorney

**COKER LAW, P.A.**

/s/ Stefano D. Portigliatti
**DANIEL A. IRACKI, B.C.S.**
Florida Bar No.: 0041212
**HOWARD C. COKER, B.C.S.**
Florida Bar No.: 141540
**N. JOEL HARRIS, ESQ.**
Florida Bar No.: 0048975
**STEFANO D. PORTIGLIATTI, ESQ.**
Florida Bar No.: 107738
136 East Bay Street
Jacksonville, FL  32202
DAI@cokerlaw.com (Primary)
LAM@cokerlaw.com (Secondary)
(904) 356-6071
(904) 353-2425 – facsimile
Attorneys for Plaintiffs