UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JAMES EDWARD TENNANT,**
**STEPHANIE TENNANT,** his wife,
individually, and on behalf of J.T.,
his child,

    Plaintiffs,

v.                       CASE NO. 3:16-cv-1276-J-25MCR

**HANDI-HOUSE MFG. CO.,** and
**THOMAS D. LOVE,**

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Unopposed Amended Motion for Leave of Court to Bring Electronic Devices into Courthouse for Trial (Dkt. 178). Upon consideration, it is

**ORDERED** as follows:

1, The Motion for Leave of Court to Bring Electronic Devices into Courthouse for Trial (Dkt. 178) is **GRANTED in part and DENIED in part.** The motion is granted subject to the restrictions set forth in the attached policy regarding possession and use of personal electronic devices in federal courthouses in the Middle District of Florida.

2. In addition to the cellular telephones authorized to members of the bar of this Court, Defendants' paralegal, **Rebecca Jouben** may bring one (1) cellular telephone for her use or to be used by the Defendant, Thomas D. Love; and Defendant Handi-House's representative, **Bonnie Gowen OR Don Flander,** is permitted to bring one (1)

cellular telephone into the Courthouse during the trial before the undersigned judicial officer currently scheduled for the week of August 20, 2018.

3. Defendants are permitted to bring two (2) laptop computers and/or iPads into the Courthouse.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of August, 2018.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to:
Counsel of Record
Attachment: Memorandum in Case No. 3:13-mc-38-J-32
re: General Order, 6:13-mc-94-Orl-22.

3:13-cv-38-J-32

FILED

2013 OCT 30  AM 8:10

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA



October 24, 2013

**TO ALL MEMBERS OF THE NORTHEAST FLORIDA LEGAL COMMUNITY:**

On behalf of the federal court, we want to announce that the cell phone and electronic device policy for courthouses in the Middle District of Florida has been substantially revised. The full policy is attached, but as it pertains to lawyers, the policy now allows lawyers with business in the courthouse to bring in their electronic devices upon presentation of proof of membership in the Florida Bar (in the Jacksonville Division, this includes presentation of the Duval County Courthouse lawyer identification card) or a copy of an Order permitting an attorney to appear pro hac vice. After security screening, the lawyer will be permitted to carry their cell phone or other electronic device throughout the courthouse, including into the courtroom, with certain important restrictions. These restrictions include that the device cannot be used to record, photograph, video or broadcast while inside the courthouse; the personal electronic device must be kept on the silent mode; the lawyer may not share it with anyone; may not use it to disrupt any judicial proceeding; may not use it to search for information about jurors; and may not bring it into the Eleventh Circuit courtroom in Jacksonville.

This revision to the cell phone policy only applies to lawyers (and other specifically designated personnel) and does not allow a witness, party or other non-lawyer to bring their devices into the courthouse. Also, each individual Judge can modify the policy to suit the needs of the case. While we expect all of the Jacksonville Judges will apply the policy in the same way, it will be important for federal practitioners who are appearing in other courthouses in the Middle District to determine whether the Judge they are appearing before has a different policy.

This new policy has the support of the U.S. Marshal, and attempts to balance the need for security and good order with the legitimate requirements of the lawyers who practice in federal court. The revised policy has been long in the making, and the Court owes a debt of gratitude to the Federal Bar Association, which has taken a leading role in advocating for these changes. We encourage all lawyers to take advantage of the revised policy, but not to abuse it, or ignore the specific remaining restrictions, as such actions could jeopardize the willingness of individual judges, or the Court as a whole, to continue this policy.

This letter is designed to acquaint you with the basics of this new policy. Please read the policy in its entirety so that you will be fully informed.

On behalf of the Jacksonville federal judges,

Marcia Morales Howard
**MARCIA MORALES HOWARD**
United States District Judge

TIMOTHY J. CORRIGAN
**TIMOTHY J. CORRIGAN**
United States District Judge

attachment: General Order, 6:13-mc-94-Orl-22

# United States District Court
## Middle District of Florida

In re:

Possession and Use of Personal
Electronic Devices in Federal
Courthouses in the Middle
District of Florida

General Order

6:13-MC-94-orl-22

---

This Order sets forth the Court's policy concerning the possession and use of personal electronic devices in the federal courthouses in the Middle District of Florida. Personal electronic devices are things like cellular telephones, "smart phones," laptop computers, and tablet computers.

1. **General Policy**

No one may bring a personal electronic device beyond a courthouse's security checkpoint.

2. **Exceptions**

The following exceptions to the general policy apply. Any personal electronic device carried beyond a courthouse's security checkpoint based on an exception remains subject to inspection, to Fed. R. Crim. P. 53 (prohibiting courtroom photography and broadcasting in criminal cases), and to Local Rule 4.11(a)(2) (prohibiting courtroom photography and broadcasting in all cases). Further, any person who brings in a personal electronic device under

Page 1 of 4

an exception, (a) must keep the personal electronic device on silent mode, (b) may not share it with anyone, (c) may not use it in a manner that disrupts any judicial proceeding, (d) may not use it to search for information about a potential or seated juror, and (e) may not bring it into the courtroom for the United States Court of Appeals for the Eleventh Circuit in the Bryan Simpson United States Courthouse in Jacksonville.

### 2.1. Court-Ordered Permission

Anyone may bring a personal electronic device beyond a courthouse's security checkpoint by presenting an order from a judge of the Court giving him or her permission to do so. The order must specify the person, place, purpose, and time frame.

### 2.2. Employees

Any agency employee who works in a courthouse office, a U.S. Trustee, any attorney of the United State's Attorney's Office or the Federal Defender's Office, or any law enforcement officer on official business may bring a personal electronic device beyond the courthouse's security checkpoint by presenting valid agency identification.

### 2.3. Jurors

At the presiding judge's discretion, any seated petit or grand juror may bring a personal electronic device beyond the courthouse's security checkpoint

during his or her service. The juror (a) must store the device in a designated receptacle at all times except during breaks, (b) may use the device only in designated areas or in the jury assembly room; and (c) may use the device only for non-case matters. The judge must provide the United States Marshals Service and the lead Court Security Officer with a memorandum setting forth the list of jurors, the case name, the case number, the beginning date of service, and the expected end date of service.

### 2.4   Attorneys

Any attorney permitted to practice law in the Middle District of Florida may bring any personal electronic device beyond the courthouse's security checkpoint by presenting a valid Florida Bar identification card or *pro hac vice* order. In addition to the restrictions set forth in paragraph 2, attorneys may not use personal electronic devices directly outside of any courtroom when court is in session.

### 2.5   Judicial discretion

Any presiding judge may modify these procedures or suspend any person's privileges granted by this Order at any time for any reason.

Done and ordered in chambers in Orlando, Florida, on September 26, 2013.

_____
Anne C. Conway
Chief United States District Judge

c:  Middle District Judges
    United States Marshal
    United States Attorney
    Federal Defender
    Chief Probation Officer
    Clerk of Court